IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NGUYEN VO INC., | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-1475 |
| | § | |
| CENTURY SURETY COMPANY, and | § | |
| ROBERT FINLEY | § | |
| | § | |
| **Defendants.** | § | |

## INDEX OF STATE COURT PLEADINGS AND FILING DATES

| TAB NO. | DOCUMENT | DATE |
|:---:|---|:---:|
| **1.** | Plaintiff's Original Petition, Jury Demand and Request for Disclosure | 4/6/2021 |
| **2.** | Plaintiff's Amended Petition, Jury Demand and Request for Disclosure | 4/26/2021 |
| **3.** | Defendant Century Surety Company's Original Answer | 5/3/2021 |
| **4.** | Defendant Century Surety Company's Notice of Pre-Suit Election of Legal Responsibility as to Robert Finley | 5/3/2021 |
| **5.** | Docket Sheet for *Nguyen Vo Inc. v. Century Surety Company and Robert Finley*, Cause No. 202120041, in the 127th Judicial District Court of Harris County, Texas. | 5/3/2021 |

COPY OF PLEADING PROVIDED BY PLT

CAUSE NO 202120041

Receipt No. 915920      TR # 73857777
EML

PLAINTIFF: NGUYEN VO INC                    In the 127th Judicial

vs.                                          District Court of

DEFENDANT: CENTURY SURETY COMPANY            Harris County, Texas

CITATION (OHIO)

THE STATE OF TEXAS
County of Harris

TO THE SHERIFF OR ANY CONSTABLE OR OTHER AUTHORIZED PERSON

TO:    CENTURY SURETY COMPANY MAY BE SERVED THROUGH ITS PRESIDENT CHRISTOPHER
JOHN TIMM
         465 CLEVELAND DRIVE
         WESTERVILLE OH 43082
         Attached is a copy of PLAINTIFFS ORIGINAL PETITION JURY DEMAND AND REQUEST
FOR DISCLOSURE.  This instrument was filed on April 6, 2021, in the above cited cause number and court.
The instrument attached describes the claim against you.

         You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer
with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty
days after you were served this citation and petition, a default judgment may be taken against you.  In addition to
filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.
These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out
more at TexasLawHelp.org.

         IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said District court of the
Judicial District of the State of Texas, in and for Harris County, on April 7, 2021.

*Marilyn Burgess*

Marilyn Burgess, **DISTRICT CLERK**
HARRIS COUNTY,  T E X A S
201 Caroline, Houston, Texas 77002
P.O. Box 4651, Houston, Texas 77210

Issued at request of:
Wilson, Chad T
455 EAST MEDICAL CENTER BLVD SUITE 555
WEBSTER, TX  77598-0000
832-415-1432

Bar No:  24079587                                         Generated By:
CAROLINA SALGADO

EML                                              Tracking Number: 73857777

CAUSE NUMBER: 202120041

CERTIFICATION

TO THE SHERIFF OF DELAWARE COUNTY, OHIO:

   The 127thJudicial Court of Harris County, Texas has authority to issue the legal documents for service upon residents and corporations in the State of Ohio.

   The issued legal documents for residents and corporations in the State of Ohio do conform with the laws of the State of Texas.

   IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of my office, at Houston, Texas, onApril 7, 2021.

                                        Marilyn Burgess, DISTRICT CLERK
                                        HARRIS COUNTY,  T E X A S


                                        Generated By: CAROLINA SALGADO

EML

Tracking Number: 73857777

CAUSE NUMBER: 202120041

PLAINTIFF: NGUYEN VO INC                                In the 127th Judicial

vs.                                                     District Court of

DEFENDANT: CENTURY SURETY COMPANY                       Harris County, Texas

*OFFICER/AUTHORIZED PERSON RETURN*

Came to hand at _____ o'clock _____.M., on the _____ day of _____, 20__.

Executed at (address) _____ in _____ County

at _____ o'clock _____.M., on the _____ day of _____, 20__, by delivering to

_____ defendant, in person, a true copy of this

Citation together with the accompanying _____ copy(ies) of the _____

Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 20__.

FEE: $_____

                                       _____

                                       _____ of _____County, Texas

                                       by _____
                                                        Deputy

_____
          Affiant

On this day, _____, known to me to be the person whose signature appears on the

foregoing return, personally appeared.  After being by me duly sworn, he/she stated that this citation was executed

by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on _____, 20__.

                                       _____
                                                     Notary Public

4/6/2021 11:06 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 52162384
By: Carolina Salgado
Filed: 4/6/2021 11:06 AM

CAUSE NO. _____

| | | |
|---|---|---|
| NGUYEN VO INC., | § | IN THE JUDICIAL COURT OF |
| | § | |
| *PLAINTIFF,* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CENTURY SURETY COMPANY AND | § | |
| ROBERT FINLEY, | § | |
| | § | |
| *DEFENDANTS.* | § | _____ DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Nguyen Vo Inc., ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Century Surety Company ("Century Surety Company") and Robert Finley ("Finley") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct discovery under Level 1, Texas Rules of Civil Procedure 190.2.

### PARTIES

2.     Plaintiff, Nguyen Vo Inc., resides in Harris County, Texas.

3.     Defendant, Century Surety Company, is a foreign insurance company, engaged in the business of insurance in the State of Texas.  Plaintiff requests service of citation upon Century Surety Company, through serving its President, Christopher John Timm, at the home office of the company located at **465 Cleveland Drive, Westerville, Ohio 43082**. Plaintiff requests service at this time.

4.   Defendant Robert Finley is an individual resident of Duncanville, Texas.  Finley may be served with citation at the address listed with the Texas Department of Insurance: **1227 Westminister Lane, Duncanville, Texas 75137-2045**.  Plaintiff requests service at this time.

## JURISDICTION

5.   The Court has jurisdiction over Century Surety Company because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Century Surety Company's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

6.   The Court has jurisdiction over Finley because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Harris County, Texas, with reference to this specific case.

## VENUE

7.   Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8.   Plaintiff asserts claims for breach of contract, common law bad faith, fraud, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9.   Plaintiff owns a Century Surety Company insurance policy, number CCP870664 ("the Policy").  At all relevant times, Plaintiff owned the insured premises located at 12950 South

Post Oaks, Suite B Houston, Texas 77045 ("the Property").

10.     Century Surety company or its agent sold the Policy, insuring the Property, to Plaintiff. Century Surety Company represented to Plaintiff that the Policy included hail and windstorm coverage. On or about May 27, 2020, the Property sustained extensive damage resulting from a severe storm that passed through the Houston, Harris County, Texas area.

11.     In the aftermath of the hail and windstorm, Plaintiff submitted a claim to Century Surety Company against the Policy for damage to the Property. Century Surety Company assigned claim number 01-098934 to Plaintiff's claim.

12.     Plaintiff asked Century Surety Company to cover the cost of damage to the Property pursuant to the Policy.

13.     Century Surety Company hired or assigned its agent, Finley, to inspect and adjust the claim. Finley conducted an inspection on or about August 20, 2020, according to the information contained in his estimate. Finley's findings generated an estimate of damages totaling $14,041.89. After application of depreciation and the $10,720.00 deductible, Plaintiff was left without adequate funds to make repairs on the entirety of his claim.

14.     Century Surety Company, through its agent, Finley, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

15.     Century Surety Company and Finley have ultimately refused full coverage which includes, but is not limited to, replacement of the metal roof and additional exterior and interior damage. Specifically, Finley found minor damage to only the stucco, vents and HVAC fins. The third-party inspector hired to review the damage to the Property found damage to

3

the metal roof, vents, flashings, gutters, downspouts, stucco and HVAC system. The storm compromised the integrity of the roof allowing water to enter, causing water damage to the following areas of the interior: suite A and it's sub-rooms, suite B and it's sub-rooms, suite C and it's sub-rooms, suite D and it's sub-rooms, suite G and it's sub-rooms, and suite H, as well as extensive damage to laminated insulation.

16.     The damage to Plaintiff's Property is currently estimated at $233,698.96.

17.     Finley had a vested interest in undervaluing the claims assigned to him by Century Surety Company in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of Finley.

18.     Furthermore, Finley was aware of Plaintiff's deductible prior to inspecting the Property. Finley had advanced knowledge of the damages he needed to document in order to be able to deny the claim.

19.     Finley misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage. Finley made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

20.     After reviewing Plaintiff's Policy, Finley misrepresented that the damage was caused by non-covered perils. Finley used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

21.     As stated above, Century Surety Company and Finley improperly and unreasonably adjusted Plaintiff's claim.  Without limitation, Century Surety Company and Finley

misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

22.    Century Surety Company and Finley made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Century Surety Company and Finley made these false representations with the intent that Plaintiff acts in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared Finley.

23.    Plaintiff relied on Century Surety Company and Finley's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

24.    Upon receipt of the inspection and estimate reports from Finley, Century Surety Company failed to assess the claim thoroughly.   Based upon Finley's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Century Surety Company failed to provide coverage due under the Policy, and Plaintiff suffered damages.

25.    Because Century Surety Company and Finley failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property.  This has caused additional damage to Plaintiff's Property.

26.    Furthermore, Century Surety Company and Finley failed to perform their contractual duties to Plaintiff under the terms of the Policy.  Specifically, Finley performed an unreasonable and substandard inspection that allowed Century Surety Company to refuse to pay full

proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

27.    Century Surety Company and Finley's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

28.    Century Surety Company and Finley's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Century Surety Company and Finley have failed to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, Century Surety Company and Finley have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

29.    Century Surety Company and Finley's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Century Surety Company and Finley failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

30.    Additionally, after Century Surety Company received statutory demand on or about October 21, 2020, Century Surety Company has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

6

31.  Century Surety Company and Finley's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a) (4).  Finley performed a biased and intentionally substandard inspection designed to allow Century Surety Company to refuse to provide full coverage to Plaintiff under the Policy.

32.  Specifically, Century Surety Company and Finley performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

33.  Century Surety Company's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to Finley subpar inspection, Century Surety Company failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

34.  Century Surety Company's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Due to Finley's intentional undervaluation of Plaintiff's claims, Century Surety Company failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, Finley's understatement of the damage to the Property caused Century Surety Company to delay full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's claim.

35.  Century Surety Company and Finley's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

7

## CAUSES OF ACTION AGAINST DEFENDANT

36.   All paragraphs from the fact section of this petition are hereby incorporated into this section.

### BREACH OF CONTRACT

37.   Century Surety Company is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Century Surety Company and Plaintiff.

38.   Century Surety Company's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Century Surety Company's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

39.   Century Surety Company's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

40.   Century Surety Company's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

41.   Century Surety Company's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Century Surety

8

Company's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

42.   Century Surety Company's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

43.   Century Surety Company's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

44.   Century Surety Company's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable under TEX. INS. CODE §542.060.

45.   Century Surety Company's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

46.   Century Surety Company's conduct constitutes a breach of the common law duty of good

9

faith and fair dealing owed to an insured in insurance contracts.

47.     Century Surety Company's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though Century Surety Company knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

48.     Century Surety Company's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.   Plaintiff is a consumer of goods and services provided by Century Surety Company pursuant to the DTPA.   Plaintiff has met all conditions precedent to bring this cause of action against Century Surety Company.   Specifically, Century Surety Company's violations of the DTPA include, without limitation, the following matters:

A.      By its acts, omissions, failures, and conduct, Century Surety Company has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.   Century Surety Company's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.      Century Surety Company represented to Plaintiff that the Policy and Century Surety Company's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section

17.46(b)(5) of the DTPA.

C.     Century Surety Company represented to Plaintiff that Century Surety Company's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.     Century Surety Company advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.     Century Surety Company breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.     Century Surety Company's actions are unconscionable in that Century Surety Company took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.  Century Surety Company's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

G.     Century Surety Company's conduct acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

49.    Each of the above-described acts, omissions, and failures of Century Surety Company is a producing cause of Plaintiff's damages. All of Century Surety Company's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

50. All allegations above are incorporated herein.

51. Century Surety Company is liable to Plaintiffs for common-law fraud.

52. Each and every misrepresentation described above-concerned material facts that absent such representations, Plaintiffs would not have acted as Plaintiffs did, and Century Surety Company knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

53. Century Surety Company made the statements intending that Plaintiffs act upon them. Plaintiffs then acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury constituting common-law fraud.

## CAUSES OF ACTION AGAINST DEFENDANT ROBERT FINLEY

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

54. All allegations above are incorporated herein.

55. Finley's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

56. Finley is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Century Surety Company, because Finley is a "person," as defined by TEX. INS. CODE §541.002(2).

57. Finley knowingly underestimated the amount of damage to the Property. As such, Finley failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

58. Furthermore, Finley did not attempt in good faith to affect a fair, prompt, and equitable

12

settlement of the claim.  TEX. INS. CODE §542.003(4).

59.    Finley's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice.  TEX. INS. CODE §541.060(a)(3).

60.    Finley's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

61.    All allegations above are incorporated herein.

62.    Finley's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by Finley pursuant to the DTPA.  Plaintiff has met all conditions precedent to bringing this cause of action against Finley. Specifically, Finley's violations of the DTPA include the following matters:

A.    By this Defendant's acts, omissions, failures, and conduct, Finley has violated sections 17.46(b)(2), (5), and (7) of the DTPA.  Finley's violations include, (1) failure to give Plaintiff the benefit of the doubt and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

13

B.   Finley represented to Plaintiff that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.   Finley represented to Plaintiff that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.   Finley's actions are unconscionable in that Finley took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.   Finley's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E.   Finley's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

63.   Each of Finley's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages.  All acts, omissions and failures were committed "knowingly" and "intentionally" by Finley, as defined by the Texas Deceptive Trade Practices Act.  TEX. BUS. & COM. CODE 17.45.

### FRAUD

64.   All allegations above are incorporated herein.

65.   Century Surety Company assigned or hired Finley to adjust the claim.

A.   Finley had a vested interest in undervaluing the claims assigned to him by Century Surety Company in order to maintain his employment. The disparity in the number

14

of damaged items in his report compared to that of Plaintiff's third-party inspector is evidence of fraud on the part of Finley. The valuation of damages that were included in Finley's report compared to Plaintiff's third-party inspector is also evidence of fraud on the part of Finley.

B. Furthermore, Finley was aware of Plaintiff's deductible before even visiting the Property to conduct the inspection. Finley had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

C. Finley made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's Property.

D. Finley made further misrepresentations to Plaintiffs during his inspection. Finley used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

## NEGLIGENCE

66. All allegations above are incorporated herein.

67. Finley was negligent in his actions with regard to his adjusting of Plaintiff's claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

A. Failure to conduct a reasonable inspection;

15

    B. Failure to include covered damage that would be discovered as a result of reasonable inspection;

    C. Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

    D. Failure to identify the cost of proper repairs to Plaintiff's Property; and

    E. Failure to communicate to Plaintiffs the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiff's Property.

68. Finley's acts and/or omissions constitute negligence. His conduct was therefore a proximate cause of the damages sustained by Plaintiffs.

69. At all relevant times, Finley was an agent or employee of Defendant Century Surety Company.

70. Finley's unreasonable inspection was performed within the course and scope of his duties with Defendant Century Surety Company. Therefore, Century Surety Company is also liable for the negligence of Finley through the doctrine of respondeat superior.

## GROSS NEGLIGENCE

71. All allegations above are incorporated herein.

72. Finley's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

    A. Finley's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiffs; and

    B. Finley had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of

Plaintiffs.

73.     Finley intentionally misrepresented the scope and amount of damages on the estimate prepared for Plaintiff's Property on behalf of Century Surety Company. His estimate was to such an extreme degree below what another licensed adjuster would have done in this situation (as evidenced by the third-party inspector estimate); it was also in complete disregard for the risk and harm Plaintiffs would suffer if the actual damages to the Property were allowed to persist unrepaired.

## KNOWLEDGE

74.     Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

75.     Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

76.     The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff.  These damages are a direct result of Defendant's mishandling of Plaintiff's claims in violation of the laws set forth above.

77.     Plaintiff currently estimates that actual damages to the Property under the Policy are $233,698.96.

17

78.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained.  The above-described acts, omissions, failures, and conduct of Defendant has caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

79.     For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claims, consequential damages, together with attorney's fees.

80.     For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times his actual damages.  TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

81.     For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

82.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Century Surety Company owed, exemplary damages, and damages for emotional distress.

83.     Defendant's breach of the common law duty of good faith and fair dealing was committed

18

intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

84.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

85.     As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of over $250,000.00 but not more than $1,000,000.00, excluding interest statutory or punitive damages and penalties, and attorney fees and costs. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

86.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendants disclose, within thirty (30) days from the date the first answer is filed, the information or material described in Rules 190.2(b)(6) and 194.2.


## JURY DEMAND

87.     Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendants, Century Surety Company and Robert Finley, be cited and served to appear and that upon trial hereof, Nguyen Vo Inc., recovers from Defendant, Century Surety Company and Robert Finley such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show he is so justly entitled.

Respectfully submitted,

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587

20

Amanda J. Fulton
Bar No. 24077283
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
**cwilson@cwilsonlaw.com**
**afulton@cwilsonlaw.com**

ATTORNEYS FOR PLAINTIFF

4/26/2021 10:37 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 52807179
By: Shaniece Richardson
Filed: 4/26/2021 10:37 AM

CAUSE NO. 202120041

| | | |
|---|---|---|
| NGUYEN VO INC., | § | IN THE JUDICIAL COURT OF |
| | § | |
| *PLAINTIFF,* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CENTURY SURETY COMPANY AND | § | |
| ROBERT FINLEY, | § | |
| | § | |
| *DEFENDANTS.* | § | 127th DISTRICT COURT |

---

### PLAINTIFF'S AMENDED PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Nguyen Vo Inc., ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Century Surety Company ("Century Surety Company") and Robert Finley ("Finley") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 1, Texas Rules of Civil Procedure 190.2.

### PARTIES

2.      Plaintiff, Nguyen Vo Inc., resides in Harris County, Texas.

3.      Defendant, Century Surety Company, is a foreign insurance company, engaged in the business of insurance in the State of Texas.  Defendant has been served.

4.      Defendant Robert Finley is an individual resident of Cypress, Texas.  Finley may be served with citation at the address listed with the Texas Department of Insurance**: 13311 Oak Plaza, Cypress, Texas 77429**.  Plaintiff requests service at this time.

## JURISDICTION

5.   The Court has jurisdiction over Century Surety Company because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Century Surety Company's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

6.   The Court has jurisdiction over Finley because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Harris County, Texas, with reference to this specific case.

## VENUE

7.   Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8.   Plaintiff asserts claims for breach of contract, common law bad faith, fraud, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9.   Plaintiff owns a Century Surety Company insurance policy, number CCP870664 ("the Policy").  At all relevant times, Plaintiff owned the insured premises located at 12950 South Post Oaks, Suite B Houston, Texas 77045 ("the Property").

10.  Century Surety company or its agent sold the Policy, insuring the Property, to Plaintiff. Century Surety Company represented to Plaintiff that the Policy included hail and windstorm coverage. On or about May 27, 2020, the Property sustained extensive damage

resulting from a severe storm that passed through the Houston, Harris County, Texas area.

11.     In the aftermath of the hail and windstorm, Plaintiff submitted a claim to Century Surety Company against the Policy for damage to the Property. Century Surety Company assigned claim number 01-098934 to Plaintiff's claim.

12.     Plaintiff asked Century Surety Company to cover the cost of damage to the Property pursuant to the Policy.

13.     Century Surety Company hired or assigned its agent, Finley, to inspect and adjust the claim. Finley conducted an inspection on or about August 20, 2020, according to the information contained in his estimate. Finley's findings generated an estimate of damages totaling $14,041.89. After application of depreciation and the $10,720.00 deductible, Plaintiff was left without adequate funds to make repairs on the entirety of his claim.

14.     Century Surety Company, through its agent, Finley, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

15.     Century Surety Company and Finley have ultimately refused full coverage which includes, but is not limited to, replacement of the metal roof and additional exterior and interior damage. Specifically, Finley found minor damage to only the stucco, vents and HVAC fins. The third-party inspector hired to review the damage to the Property found damage to the metal roof, vents, flashings, gutters, downspouts, stucco and HVAC system. The storm compromised the integrity of the roof allowing water to enter, causing water damage to the following areas of the interior: suite A and it's sub-rooms, suite B and it's sub-rooms, suite Cand it's sub-rooms, suite D and it's sub-rooms, suite G and it's sub-rooms, and suite H,

3

as well as extensive damage to laminated insulation.

16.     The damage to Plaintiff's Property is currently estimated at $233,698.96.

17.     Finley had a vested interest in undervaluing the claims assigned to him by Century Surety
        Company in order to maintain his employment. The disparity in the number of damaged
        items in his report compared to that of the third-party inspector's as well as the difference
        in valuation is evidence of unfair claims handling practices on the part of Finley.

18.     Furthermore, Finley was aware of Plaintiff's deductible prior to inspecting the Property.
        Finley had advanced knowledge of the damages he needed to document in order to be able
        to deny the claim.

19.     Finley misrepresented the actual amount of damage Plaintiff's Property sustained in
        addition to how much it would cost to repair the damage. Finley made these
        misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on
        his expertise and accept the bad faith estimate as a true representation of the damages.

20.     After reviewing Plaintiff's Policy, Finley misrepresented that the damage was caused by
        non-covered perils. Finley used his expertise to fabricate plausible explanations for why
        visible damage to Plaintiff's Property would not be covered under the policy.

21.     As stated above, Century Surety Company and Finley improperly and unreasonably
        adjusted Plaintiff's claim.   Without limitation, Century Surety Company and Finley
        misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property,
        as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

22.     Century Surety Company and Finley made these and other false representations to Plaintiff,
        either knowingly or recklessly, as a positive assertion, without knowledge of the truth.

4

Century Surety Company and Finley made these false representations with the intent that Plaintiff acts in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared Finley.

23.   Plaintiff relied on Century Surety Company and Finley's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

24.   Upon receipt of the inspection and estimate reports from Finley, Century Surety Company failed to assess the claim thoroughly.   Based upon Finley's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Century Surety Company failed to provide coverage due under the Policy, and Plaintiff suffered damages.

25.   Because Century Surety Company and Finley failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property.  This has caused additional damage to Plaintiff's Property.

26.   Furthermore, Century Surety Company and Finley failed to perform their contractual duties to Plaintiff under the terms of the Policy.  Specifically, Finley performed an unreasonable and substandard inspection that allowed Century Surety Company to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

5

27.   Century Surety Company and Finley's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code.  Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

28.   Century Surety Company and Finley's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a) (1).  Century Surety Company and Finley have failed to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, Century Surety Company and Finley have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

29.   Century Surety Company and Finley's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a) (2) (A). Century Surety Company and Finley failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

30.   Additionally, after Century Surety Company received statutory demand on or about October 21, 2020, Century Surety Company has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

31.   Century Surety Company and Finley's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a) (4).  Finley performed a biased and intentionally substandard inspection designed to allow Century

6

Surety Company to refuse to provide full coverage to Plaintiff under the Policy.

32. Specifically, Century Surety Company and Finley performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

33. Century Surety Company's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.  Due to Finley subpar inspection, Century Surety Company failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

34. Century Surety Company's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Due to Finley's intentional undervaluation of Plaintiff's claims, Century Surety Company failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, Finley's understatement of the damage to the Property caused Century Surety Company to delay full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's claim.

35. Century Surety Company and Finley's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT

36. All paragraphs from the fact section of this petition are hereby incorporated into this section.

## BREACH OF CONTRACT

37.    Century Surety Company is liable to Plaintiff for intentional violations of the Texas

Insurance Code, and intentional breach of the common law duty of good faith and fair

dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation

of an intentional breach of the insurance contract between Century Surety Company and

Plaintiff.

38.    Century Surety Company's failure and/or refusal to pay adequate coverage as obligated

under the Policy, and under the laws of the State of Texas, constitutes a breach of Century

Surety Company's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

39.    Century Surety Company's conduct constitutes multiple violations of the Texas Insurance

Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under

this article are actionable by TEX. INS. CODE §541.151.

40.    Century Surety Company's unfair settlement practice of misrepresenting to Plaintiff

material facts relating to coverage constitutes an unfair method of competition and a

deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (1).

41.    Century Surety Company's unfair settlement practice of failing to attempt in good faith to

make a prompt, fair, and equitable settlement of the claim, even though Century Surety

Company's liability under the Policy was reasonably clear, constitutes an unfair method of

competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE

§541.060(a) (2) (A).

42.    Century Surety Company's unfair settlement practice of failing to provide Plaintiff a

prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (3).

43.    Century Surety Company's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

44.    Century Surety Company's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable under TEX. INS. CODE §542.060.

45.    Century Surety Company's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.   TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

46.    Century Surety Company's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

47.    Century Surety Company's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though Century Surety Company knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach

9

of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

48.     Century Surety Company's conduct constitutes multiple violations of the Texas Deceptive
Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a
consumer of goods and services provided by Century Surety Company pursuant to the
DTPA.  Plaintiff has met all conditions precedent to bring this cause of action against
Century Surety Company.   Specifically, Century Surety Company's violations of the
DTPA include, without limitation, the following matters:

A.     By its acts, omissions, failures, and conduct, Century Surety Company has violated
sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Century Surety
Company's violations include, (1) unreasonable delays in the investigation,
adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the
benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's
property when liability has become reasonably clear, which gives Plaintiff the right
to recover under section 17.46(b)(2).

B.     Century Surety Company represented to Plaintiff that the Policy and Century
Surety Company's adjusting agent and investigative services had characteristics or
benefits they did not possess, which gives Plaintiff the right to recover under section
17.46(b)(5) of the DTPA.

C.     Century Surety Company represented to Plaintiff that Century Surety Company's
Policy and adjusting services were of a particular standard, quality, or grade when
they were of another, in violation of section 17.46(b)(7) of the DTPA.

10

D.  Century Surety Company advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.  Century Surety Company breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.  Century Surety Company's actions are unconscionable in that Century Surety Company took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.  Century Surety Company's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

G.  Century Surety Company's conduct acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

49.  Each of the above-described acts, omissions, and failures of Century Surety Company is a producing cause of Plaintiff's damages.  All of Century Surety Company's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

# FRAUD

50.  All allegations above are incorporated herein.

51.  Century Surety Company is liable to Plaintiffs for common-law fraud.

52.  Each and every misrepresentation described above-concerned material facts that absent

such representations, Plaintiffs would not have acted as Plaintiffs did, and Century Surety Company knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

53.   Century Surety Company made the statements intending that Plaintiffs act upon them. Plaintiffs then acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury constituting common-law fraud.

### CAUSES OF ACTION AGAINST DEFENDANT ROBERT FINLEY

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

54.   All allegations above are incorporated herein.

55.   Finley's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act.  TEX. INS. CODE §541.060(a).

56.   Finley is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Century Surety Company, because Finley is a "person," as defined by TEX. INS. CODE §541.002(2).

57.   Finley knowingly underestimated the amount of damage to the Property.  As such, Finley failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy.  TEX. INS. CODE §542.003(3).

58.   Furthermore, Finley did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim.  TEX. INS. CODE §542.003(4).

59.   Finley's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and

deceptive act or practice.  TEX. INS. CODE §541.060(a)(3).

60.    Finley's unfair settlement practice of failing to attempt in good faith to make a prompt,
       fair, and equitable settlement of the claim, even though liability under the Policy was
       reasonably clear, constitutes an unfair method of competition and a deceptive act or
       practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

61.    All allegations above are incorporated herein.

62.    Finley's conduct constitutes multiple violations of the Texas Deceptive Trade Practices
       Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods
       and services provided by Finley pursuant to the DTPA.  Plaintiff has met all conditions
       precedent to bringing this cause of action against Finley. Specifically, Finley's violations
       of the DTPA include the following matters:

       A.    By this Defendant's acts, omissions, failures, and conduct, Finley has violated
             sections 17.46(b)(2), (5), and (7) of the DTPA.  Finley's violations include, (1)
             failure to give Plaintiff the benefit of the doubt and (2) failure to write up an
             estimate reflecting the proper repair of Plaintiff's Property when liability has
             become reasonably clear, which gives Plaintiff the right to recover under section
             17.46(b)(2).

       B.    Finley represented to Plaintiff that the Policy and his adjusting and investigative
             services had characteristics or benefits they did not possess, which gives Plaintiff
             the right to recover under section 17.46(b)(5) of the DTPA.

       C.    Finley represented to Plaintiff that the Policy and his adjusting services were of a

particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.    Finley's actions are unconscionable in that Finley took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.   Finley's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E.    Finley's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

63.    Each of Finley's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages.   All acts, omissions and failures were committed "knowingly" and "intentionally" by Finley, as defined by the Texas Deceptive Trade Practices Act.   TEX. BUS. & COM. CODE 17.45.

**FRAUD**

64.    All allegations above are incorporated herein.

65.    Century Surety Company assigned or hired Finley to adjust the claim.

A.    Finley had a vested interest in undervaluing the claims assigned to him by Century Surety Company in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiff's third-party inspector is evidence of fraud on the part of Finley. The valuation of damages that were included in Finley's report compared to Plaintiff's third-party inspector is also evidence of fraud on the part of Finley.

14

B.   Furthermore, Finley was aware of Plaintiff's deductible before even visiting the Property to conduct the inspection. Finley had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

C.   Finley made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's Property.

D.   Finley made further misrepresentations to Plaintiffs during his inspection. Finley used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

## NEGLIGENCE

66.   All allegations above are incorporated herein.

67.   Finley was negligent in his actions with regard to his adjusting of Plaintiff's claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

A.   Failure to conduct a reasonable inspection;

B.   Failure to include covered damage that would be discovered as a result of reasonable inspection;

C.   Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

D.   Failure to identify the cost of proper repairs to Plaintiff's Property; and

15

     E.  Failure to communicate to Plaintiffs the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiff's Property.

68.    Finley's acts and/or omissions constitute negligence. His conduct was therefore a proximate cause of the damages sustained by Plaintiffs.

69.    At all relevant times, Finley was an agent or employee of Defendant Century Surety Company.

70.    Finley's unreasonable inspection was performed within the course and scope of his duties with Defendant Century Surety Company. Therefore, Century Surety Company is also liable for the negligence of Finley through the doctrine of respondeat superior.

## GROSS NEGLIGENCE

71.    All allegations above are incorporated herein.

72.    Finley's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

     A.  Finley's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiffs; and

     B.  Finley had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiffs.

73.    Finley intentionally misrepresented the scope and amount of damages on the estimate prepared for Plaintiff's Property on behalf of Century Surety Company. His estimate was to such an extreme degree below what another licensed adjuster would have done in this

16

situation (as evidenced by the third-party inspector estimate); it was also in complete disregard for the risk and harm Plaintiffs would suffer if the actual damages to the Property were allowed to persist unrepaired.

## KNOWLEDGE

74. Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

75. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

76. The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff.  These damages are a direct result of Defendant's mishandling of Plaintiff's claims in violation of the laws set forth above.

77. Plaintiff currently estimates that actual damages to the Property under the Policy are $233,698.96.

78. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained.  The above-described acts, omissions, failures, and conduct of Defendant has caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any

17

investigative and engineering fees incurred.

79.    For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claims, consequential damages, together with attorney's fees.

80.    For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times his actual damages.  TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

81.    For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

82.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Century Surety Company owed, exemplary damages, and damages for emotional distress.

83.    Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code.  These violations are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiff seeks the recovery

18

of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

84.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

85.    As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of over $250,000.00 but not more than $1,000,000.00, excluding interest statutory or punitive damages and penalties, and attorney fees and costs. A jury will ultimately determine the monetary relief actually awarded, however.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

86.    Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendants disclose, within thirty (30) days from the date the first answer is filed, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

87.   Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a

jury consisting of citizens residing in Harris County, Texas.  Plaintiff hereby tenders the

appropriate jury fee.

## PRAYER

Plaintiff prays that Defendants, Century Surety Company and Robert Finley, be cited and

served to appear and that upon trial hereof, Nguyen Vo Inc., recovers from Defendant, Century

Surety Company and Robert Finley such sums as would reasonably and justly compensate Plaintiff

in accordance with the rules of law and procedure, as to actual, consequential, and treble damages

under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive,

additional, and exemplary damages as may be found.  In addition, Plaintiff requests the award of

attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's

behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at

law or in equity, to which Plaintiff may show he is so justly entitled.

Respectfully submitted,

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Amanda J. Fulton
Bar No. 24077283
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
**cwilson@cwilsonlaw.com**
**afulton@cwilsonlaw.com**

ATTORNEYS FOR PLAINTIFF

20

5/3/2021 2:19 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 53050721
By: Devanshi Patel
Filed: 5/3/2021 2:19 PM

## CAUSE NO. 202120041

| | | |
|---|---|---|
| NGUYEN VO INC., | § | IN THE JUDICIAL COURT OF |
| | § | |
| *PLAINTIFF*, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CENTURY SURETY COMPANY, and | § | |
| ROBERT FINLEY, | § | |
| | § | |
| *DEFENDANTS*. | § | 127TH JUDICIAL DISTRICT |

---

## DEFENDANT CENTURY SURETY COMPANY'S
## ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Defendant Century Surety Company ("Century" or "Defendant"), Defendant in the above-entitled and numbered cause, and files this, its Original Answer to Plaintiff's Original Petition, Jury Demand, and Request for Disclosure ("Plaintiff's Original Petition"), and respectfully states as follows:

### I.
### GENERAL DENIAL

Century generally denies each and every allegation, both singular and plural, averred in Plaintiff's Original Petition and every amendment or supplement thereto, and demands strict proof thereof by a preponderance of evidence pursuant to Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Century Surety Company, prays that upon final hearing hereon, Plaintiff take nothing, and that this Defendant be discharged hence

---

without day, to recover all costs expended on its behalf, and for such other and further relief, both general and special, both at law and in equity, to which Defendant, Century Surety Company, may show itself justly entitled.

Respectfully submitted,

By:    */s/ Robert J. Witmeyer*
        **ROBERT J. WITMEYER**
        Texas State Bar No. 24091174
        Email:  Rob.Witmeyer@cooperscully.com

        **COOPER & SCULLY, P.C.**
        Founders Square
        900 Jackson Street, Suite 100
        Dallas, Texas 75202
        Telephone:  (214) 712-9500
        Telecopy:   (214) 712-9540

        **ATTORNEYS FOR DEFENDANT,**
        **CENTURY SURETY COMPANY**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, pursuant to TEX. R. CIV. P. 21 and 21a, the foregoing *Defendant Century Surety Company's Original Answer* was served on all counsel of record *via* electronic mail and *via* Texas E-Service on this the 3rd day of May 2021.

Chad T. Wilson
cwilson@cwilsonlaw.com
**CHAD T. WILSON LAW FIRM PLLC**
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Tele: (832) 415-1432
Counsel for Plaintiff, Nguyen Vo Inc.

*/s/ Robert J. Witmeyer*
**ROBERT J. WITMEYER**

5/3/2021 2:24 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 53051574
By: Devanshi Patel
Filed: 5/3/2021 2:24 PM

## CAUSE NO. 202120041

| | | |
|---|---|---|
| NGUYEN VO INC., | § | IN THE JUDICIAL COURT OF |
| | § | |
| *PLAINTIFF*, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CENTURY SURETY COMPANY, and | § | |
| ROBERT FINLEY, | § | |
| | § | |
| *DEFENDANTS.* | § | 127TH JUDICIAL DISTRICT |

---

## DEFENDANT CENTURY SURETY COMPANY'S NOTICE OF PRE-SUIT ELECTION OF LEGAL RESPONSIBILITY AS TO ROBERT FINLEY

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Century Surety Company ("Century"), in accordance with Tex. Ins. Code § 542A.006, hereby gives notice that on December 4, 2020, Century elected, in writing, to accept whatever liability Robert Finley might have to Plaintiff, Nguyen Vo Inc., for Mr. Finley's acts or omissions related to the claim at issue in Plaintiff's suit. A copy of the written notice evidencing same is hereby attached as Exhibit "A."

Respectfully submitted,

By:     /s/ Robert J. Witmeyer
**ROBERT J. WITMEYER**
Texas State Bar No. 24091174
Email:  Rob.Witmeyer@cooperscully.com

**COOPER & SCULLY, P.C.**
Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone:  (214) 712-9500
Telecopy:    (214) 712-9540

**ATTORNEYS FOR DEFENDANT,
CENTURY SURETY COMPANY**

CERTIFICATE OF SERVICE

I hereby certify that, pursuant to TEX. R. CIV. P. 21 and 21a, the foregoing *Defendant's Notice of Election of Legal Responsibility as to Robert Finley* was served on all counsel of record *via* electronic mail and *via* Texas E-Service on this the 3rd day of May 2021.

Chad T. Wilson
cwilson@cwilsonlaw.com
**CHAD T. WILSON LAW FIRM PLLC**
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Tele: (832) 415-1432
Counsel for Plaintiff, Nguyen Vo Inc.

*/s/ Robert J. Witmeyer*
**ROBERT J. WITMEYER**

**DEFENDANT CENTURY SURETY COMPANY'S NOTICE OF ELECTION OF LEGAL RESPONSIBILITY AS TO ROBERT FINLEY**                                     Page 2

   

EXHIBT A - Page 1 of 2

December 4, 2020

Via electronic and regular mail
CWilson@cwilsonlaw.com

Mr. Chad T. Wilson
455 East Medical Center Blvd.
Suite 555
Webster, TX 77598

RE:          Insured:      Nguyen Vo Inc.
             Policy No.:   CCP 870664
             Date of Loss: 05/27/2020
             Claim No.:    01-098934

Dear Mr. Wilson:

As you know, I am a Senior Claims Representative with Meadowbrook, Inc. assigned to oversee the above matter on behalf of Century Surety Company ("Century"). Nguyen Vo Inc. ("Nguyen") has asserted a claim for hailstorm damage that occurred on or about May 27, 2020 at 12950 South Post Oak Rd., Houston, Texas 77045 (the "Premises"). We first received Nguyen's notice of claim on August 11, 2020 from public adjuster Glenn Ruston and acknowledged Mr. Ruston's notice by way of letter dated August 14, 2020. That letter contained a reservation of rights based upon certain policy terms and conditions, which we incorporate herein by reference.

This letter is in response to your demand letter dated October 21, 2020 sent on behalf of Nguyen in connection with the above-referenced loss. Without admitting that your demand letter complies with Article 542A of the Texas Insurance Code, Century hereby elects under section 542A.006(a) to accept whatever liability Robert Finley might have to your client for Mr. Finley's acts or omissions related to this claim.

As you know, Mr. Finley previously inspected the Premises on behalf of Century. In light of the damages sought in your demand letter, Century hereby reiterates its previous request for an opportunity to re-inspect the property with an engineer. Please advise as to when Century may be permitted to access the property with its engineer to inspect for damages, including accessing the interior of the property.

On December 1, 2020, we notified you that we are issuing payment for an undisputed amount of $2,439.61. In addition to payment of the $2,439.61, we will include payment of 18% interest on this amount plus payment of your $900 in attorney's fees. Please provide us with your firm's W-9 so that we may issue this payment pending the re-inspection by our engineer. If any additional amounts are owed under the policy after the engineer's inspection, we will issue payment accordingly.

Nothing herein constitutes, nor should it be construed by you as a waiver of any of the rights or defenses of Century under its policy of insurance, nor is it the purpose of this letter to waive any of the policy terms and/or conditions which are specifically reserved.

Carlie Hershberger
Senior Claims Representative
Carlie.Hershberger@ameritrustgroup.com
Mailing Address: P.O. Box 219559 Kansas City, MO 64121-9559
Direct Line: 248-204-6142  Fax: 614-895-7040

## EXHIBT A - Page 2 of 2

It is our intention to handle this claim as fairly and efficiently as possible under the terms and conditions of your policy with Century. If at any time you have any questions or issues related to this claim, please call me at (248) 204-6142.

Sincerely,

**CENTURY SURETY COMPANY**

Carlie Hershberger
Senior Claim Representative

CH/pjh

Enclosure:     Reservations of Rights

cc:     Glenn Ruston
        K3 Consulting
        3286 Explorer Way
        Conroe, TX 77305
        Via email to:     Glenn.ruston@K3claims.com
                          K3Consulting@yahoo.com

        Nguyen Vo Inc.
        12950 South Post Oaks Ste. B
        Houston, TX 77045

        Robert Finley
        Brush Country Claims
        Via email to:     claims@bcc-ltd.com

| WARNING |
|---|
| "Any person who knowingly and with intent to defraud any insurance company files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties." |
| Revised 01/2013 |



**202120041 - NGUYEN VO INC vs. CENTURY SURETY COMPANY (Court 127)**

Chronological   Print
History          All
*(non-financial)*

 

| Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties |
| Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images |

* Note: Not every case file in our library of records is available in electronic format. (A document may be filed in a case that is not viewable electronically.) Only non-confidential civil/criminal documents are available to the public. If a document in a case you are looking for is not available, please **click here** to notify Customer Service.

Purchase Order
( 0 documents )

Print List

If you are not a litigant in this case, you may visit our Customer Service departments to obtain copies of documents. Confidential or Sealed documents may not be dispensed to public customers.

If you are a litigant that is a party of this case and would like access to the restricted documents, please click **here**.

| Image No. | Type | Title | [Reset Sort] | Post Jdgm | Date | Pages | Add Entire Case |
|---|---|---|---|---|---|---|---|
| 95632564 | Filing | Defendant Century Surety Company's Original Answer To Plaintiff's Original Petition, Jury Demand, And Request For Disclosure | | | 05/03/2021 | 3 | Add to Basket |
| 95633281 | Filing | Defendant Century Surety Company's Notice Of Pre-Suit Election Of Legal Responsibility As To Robert Finley | | | 05/03/2021 | 2 | Add to Basket |
| -> 95633282 | Filing | Exhibit A | | | 05/03/2021 | 2 | Add to Basket |
| 95513422 | Filing | PLAINTIFF'S AMENDED PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE | | | 04/26/2021 | 20 | Add to Basket |
| -> 95513423 | Filing | Request for Isuance of Service | | | 04/26/2021 | 1 | Add to Basket |
| 95469987 | Filing | Citation (Robert Finley) | | | 04/22/2021 | 2 | Add to Basket |
| 95341696 | Filing | Citation (ROBERT FINLEY) | | | 04/15/2021 | 2 | Add to Basket |
| 95275171 | Filing | Request for Issuance of Service | | | 04/12/2021 | 1 | Add to Basket |
| 95278733 | Filing | Citation (Ohio) (CENTURY SURETY COMPANY) | | | 04/12/2021 | 2 | Add to Basket |
| 95164091 | Filing | Plaintiff's Original Petition Jury Demand and Request for Disclosure | | | 04/06/2021 | 21 | Add to Basket |
| -> 95164092 | Filing | Request for Issuance of Service | | | 04/06/2021 | 2 | Add to Basket |

[Z1A]